UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKIR KHAN, et al, | No. 2:23-cv-00566-DAD-KJN |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER |
| CITY OF LODI, et al, | |
| Defendants. | (Doc. No. 3) |

This matter came before the court on March 29, 2023, for a hearing on the motion for a temporary restraining order filed on behalf of plaintiff Shakir Khan, plaintiff Umer Hayat, plaintiff Adnan Bilal, plaintiff Saad Khan, plaintiff Bushra Shaheen, plaintiff Nasar Khan, plaintiff Mir A Khan, plaintiff Somiya Bibi, plaintiff Muhammad Asif, plaintiff Safdar Khan, and plaintiff Muhammad Bilal Khan on March 24, 2023 (collectively, "plaintiffs"). (Doc. No. 3.) Attorney Allen Sawyer appeared by video for plaintiffs. Attorney Marguerite Mary Leoni appeared by video on behalf of defendants. At the hearing, the court denied the motion. This written order provides more detailed reasons for the denial of the motion than those provided on the record at the hearing.

/////

/////

/////

1

**BACKGROUND**

On March 24, 2023, plaintiffs filed this putative class action against defendant Mikey Hothi ("defendant Hothi")—the mayor of the City of Lodi—and defendant City Council of the City of Lodi ("defendant City Council") (collectively, "defendants") seeking to enjoin defendants from:  (1) preventing plaintiff Shakir Khan from exercising the powers and duties of his office as the member of the Lodi city council representing council district 4; (2) accepting applications for or appointing a new city council member to replace plaintiff Shakir Khan; and (3) scheduling or holding any special election to fill the council seat for Lodi city council district 4.  (Doc. No. 3 at 11.)  Although it is somewhat unclear from the face of the complaint, plaintiffs appear to assert the following two causes of action:  (1) a claim brought pursuant to 42 U.S.C. § 1983 for violations of plaintiffs' voting rights under the Fourteenth Amendment of the U.S. Constitution's Equal Protection Clause and the First Amendment of the U.S. Constitution (Doc. No. 1 at 7); and (2) a claim brought pursuant to 42 U.S.C. § 1983 for violations of plaintiffs' procedural and substantive due process rights under the Fourteenth Amendment of the U.S. Constitution's Due Process Clause (*id*. at 8). On March 24, 2023, plaintiffs filed the pending motion for a temporary restraining order. (Doc. No. 3.)[1]  On March 28, 2023, defendants filed their opposition thereto. (Doc. No. 10.)[2]

In their complaint (Doc. No. 1), plaintiffs allege the following.  Plaintiff Shakir Khan was elected as a city council member for the City of Lodi council district 4 in San Joaquin County, California. (*Id.* at ¶ 6.)  On February 16, San Joaquin County Sherriff's Office officers arrested plaintiff Shakir Khan on election fraud charges. (*Id.* at ¶ 12.)  The officers took him to county jail and refused to permit him to take his hearing aids.  (*Id.*)

---

[1] Defendants have raised numerous evidentiary objections to the exhibits and declarations plaintiffs filed in support of their motion for a temporary restraining order. (Doc. No. 10-2.) The court has not relied upon the objected-to exhibits or declaration in reaching its decision on the pending motion for a temporary restraining order. Therefore, defendants' evidentiary objections are overruled as moot.

[2] Defendants request that the court take judicial notice of various documents. (Doc. No. 10-1.) The court declines to take judicial notice of these documents since they are not being relied upon in ruling on the pending motion for a temporary restraining order.

At the jail, the officers took plaintiff Shakir Khan to an interrogation room where defendant Hothi awaited. (*Id.* at ¶ 14.) Allegedly, defendant Hothi was acting on behalf of plaintiff Shakir Khan's political opponents and as an agent of the police and prosecution but pretended to be there to give plaintiff Shakir Khan advice. (*Id.* at ¶ 15.) At their meeting, plaintiff Shakir Khan told defendant Hothi that he wanted to talk to his wife, his family, and his attorney, but that he had not been allowed to. (*Id.* at ¶¶ 17, 18.)

Defendant Hothi told plaintiff Shakir Khan that the whole incident was appearing on national news and that the best course of action would be for him to resign from the city council. (*Id.* at ¶ 20.) Defendant Hothi also said that he had talked to various of plaintiff Shakir Khan's supporters, and they wanted him to resign. (*Id.* at ¶ 24.) Then, defendant Hothi wrote out the resignation document (*id.* at ¶ 25), which stated: "Mayor Mikey Hothi & Shak Khan have spoken & believe the best course of action at this time is for Shak Khan to resign from the Lodi City Council effective immediately. He plans to fight the charges against him & clear his name." (Doc. No. 1-1 at 14.)[3] Both defendant Hothi and plaintiff Shakir Khan signed the document below this text. (*Id.*; Doc. No. 1 at ¶ 25.) After his discussion with defendant Hothi, plaintiff Shakir Khan was told he could have a telephone call. (Doc. No. 1 at ¶ 27.) At that point, he phoned his attorney and then called defendant Hothi to inform him that he was not resigning from his position. (*Id.* at ¶ 28.)

On March 7, 2023, defendant City Council held a special session, excluding plaintiff Shakir Khan, to decide whether to fill the seat for district 4 by a special election in November of 2023, or to have the council appoint another resident of district 4 to become the council member for the council district. (*Id.* at ¶ 30.) The four council members in attendance voted either 3 to 1, or 3 to 0 to have the city council appoint a new city council member. (*Id.*) Defendant City Council subsequently set a date to consider applications to replace plaintiff Shakir Khan and

---

[3] Plaintiffs' complaint misquotes the text by stating that, "Mayor Mikey Hothi & Shak Khan have spoken & believe the best course of action at this time is for Shak Khan to resign from the Lodi City Council fight the charges against him & clear his name" (Doc. No. 1 at ¶ 25), as opposed to "Mayor Mikey Hothi & Shak Khan have spoken & believe the best course of action at this time is for Shak Khan to resign from the Lodi City Council *effective immediately. He plans to* fight the charges against him & clear his name." (Doc. No. 1-1 at 14) (emphasis added).

3

possibly vote to appoint a new member to the council to represent district 4. (*Id.*) According to a statement filed by plaintiffs on March 27, 2023 (Doc. No. 9), and a supplement filed by defendants on March 28, 2023 (Doc. No. 11), defendant City Council was scheduled to meet at 7 p.m. on March 28, 2023, at which time defendant City Council may appoint one of the applicants to fill plaintiff Shakir Khan's council seat.

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

# ANALYSIS

**A.      Likelihood of Success on the Merits**

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiffs bear the burden of demonstrating that they are likely to succeed on the merits of their claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131. For the reasons stated below, the court concludes that plaintiffs have neither shown a likelihood of success on the merits nor raised serious questions going to the merits of their claims.

### 1.    Fourteenth Amendment Equal Protection Claim

As their first cause of action, plaintiffs bring a 42 U.S.C. § 1983 claim against defendants for the deprivation of their voting rights under the Fourteenth Amendment's Equal Protection Clause.[4] Plaintiffs allege that removing plaintiff Shakir Khan from city council constitutes a violation of equal protection to Lodi city council district 4 voters. (Doc. No. 1 at ¶ 47.) Specifically, plaintiffs allege that district 4 voters are being deprived of their right of representation by their elected representative, while the voters of the other four council districts are not. (*Id.* at ¶ 49.)

The Equal Protection Clause of the Fourteenth Amendment states that "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV § 1. A plaintiff alleging denial of equal protection based on race or another suspect classification "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071 (9th Cir.

---

[4] Plaintiffs also appear to bring their first cause of action under the First Amendment, stating in their complaint that "[t]he First Amendment guarantees the rights of citizens to participant in the political process, including the right to vote." (Doc. No. 1 at ¶ 45.) Plaintiffs' complaint is wholly devoid of factual allegations to support a First Amendment claim. Likewise, in their pending motion for a temporary restraining order, plaintiffs fail to allege facts or to present any legal arguments in support of such a claim. (Doc. No. 3.) Accordingly, the court will not address the purported First Amendment aspect of this claim in addressing plaintiffs' pending motion.

2003) (quoting *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994)). In the alternative, where the acts in question do not involve a protected class, a plaintiff can establish a "class of one" claim by alleging he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

It is unclear from plaintiffs' complaint whether their equal protection claim is rooted in a claim of membership in a protected class or is a "class of one" claim. While the complaint contains an allegation that plaintiff Shakir Khan is the only Muslim on the city council and that his district includes the most Muslim voters in Lodi (Doc. No. 1 at ¶ 7), there is no allegation therein of intentional racial or religious discrimination. Nor does the complaint plausibly allege that defendants treated plaintiffs differently than similarly situated individuals without any rational basis. Furthermore, plaintiffs have not developed their legal arguments in support of their equal protection claim in their pending motion for a temporary restraining order. (Doc. No. 3.) Indeed, at the hearing on the pending motion, plaintiffs conceded that they have not fully developed their equal protection claim. For these reasons, the court finds that plaintiffs have failed to demonstrate a likelihood of success on the merits as to that claim.

       2.  <u>Fourteenth Amendment Due Process Claim</u>

As their second cause of action, plaintiffs bring a claim under § 1983 asserting violations of their Fourteenth Amendment procedural and substantive due process rights arising out of plaintiff Shakir Khan's removal from the city council. (Doc. No. 1 at 8.)

The Due Process Clause protects against deprivations of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV § 1. "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Cal., Inc. v. City of Phx., Ariz.,* 24 F.3d 56, 62 (9th Cir. 1994).

Defendants persuasively argue that neither plaintiff Shakir Khan as an individual nor plaintiffs as a class have established a cognizable federal property right to maintain plaintiff Shakir Khan in office as the council member for district 4. (Doc. No. 10 at 11.) As to plaintiff

1  Shakir Khan as an individual, there is generally no property interest in an elected office.  *See*
2  *Taylor v. Beckham*, 178 U.S. 548, 577 (1900) ("The decisions are numerous to the effect that
3  public offices are mere agencies or trusts, and not property as such . . . . In short, generally
4  speaking, the nature of the relation of a public officer to the public is inconsistent with either a
5  property or a contract right."); *Snowden v. Hughes*, 321 U.S 1, 7 (1944) ("[A]n unlawful denial by
6  state action of a right to state political office is not a denial of a right of property or of liberty
7  secured by the due process clause."); *Hernandez v. Or. Legislature*, 521 F. Supp. 3d 1025, 1035
8  (D. Or. 2021) ("Plaintiff cannot . . . claim a property interest in his office itself."); *Rabkin v.*
9  *Dean*, 856 F. Supp. 543, 549 (N.D. Cal. 1994) (holding that an elected official had no property
10 interest in her job).  At the hearing on the pending motion, when asked whether there is legal
11 authority under either federal or California law supporting an elected official's property interest in
12 their public office, plaintiffs conceded that because there is not a recognized property interest in
13 elected office, plaintiffs chose to bring this lawsuit as a putative class action on behalf of voters,
14 rather than as one brought on behalf of an individual.[5]

15 Even if plaintiff Shakir Khan was able to demonstrate that he was deprived of a property
16 or liberty interest, the court concludes that he cannot demonstrate that he was deprived of such an
17 interest *without due process of law*.  "A procedural due process violation under § 1983 is not
18 complete 'when the deprivation occurs; it is not complete unless and until the State fails to
19 provide due process.'"  *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (citing *Zinermon v.*
20 *Burch*, 494 U.S. 113, 126 (1990).  "When state remedies are adequate to protect an individual's
21 procedural due process rights, a section 1983 action alleging a violation of those rights will not
22 stand."  *Brogan v. San Mateo Cnty.*, 901 F.2d 762, 764 (9th Cir. 1990).

23 As a primary matter, plaintiffs' complaint is devoid of any allegations that the state failed
24 or refused to provide a process sufficient to remedy the alleged violation of plaintiff Shakir
25 Khan's procedural due process rights.  (Doc. Nos. 1, 3.)  Furthermore, as defendants point out in
26 their opposition, California provides the quo warranto procedure under California Code of Civil

---

[5]  The complaint and pending motion also fail to identify any applicable liberty interest on the part of plaintiff Shakir Khan.  (Doc. Nos. 1, 3.)

7

Procedure § 801, *et. seq.* (Doc. No. 10 at 6.)  Quo warranto may be brought by the Attorney General "upon his own information, or upon a complaint of a private party" against any person "who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise, or against any corporation, either de jure or de facto, which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state." Cal. Civ. Proc. Code § 803. California courts have found that the quo warranto procedure is adequate and is all that is due in cases factually similar to this one. *See, e.g.*, *Nicolopulos v. City of Lawndale*, 91 Cal. App. 4th 1221, 1229 (2001) ("The quo warranto procedure satisfies constitutional due process for remedying any claimed procedural irregularities leading to the City Council's declaration of a vacancy in appellant's office."). Additionally, California courts have held that quo warranto is the *sole* proper procedural mechanism for such a challenge. *See id.* at 1225 ("Quo warranto . . . . is the exclusive remedy in cases where it is available."); *Boling v. Pub. Emp. Rels. Bd.*, 33 Cal. App. 5th 376, 384 (2019) (stating that "when the remedy of quo warranto is available, the remedy is exclusive absent contrary constitutional or statutory authority"). Because California law provides an adequate remedy, no § 1983 claim alleging a violation of plaintiff Shakir Khan's procedural due process rights can lie.[6] *See Brogan*, 901 F.2d at 764; *see also Hudson v. Palmer*, 486 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Nicolopulos*, 91 Cal. App. 4th at 1228 ("Appellant's argument that he is excused from using the state remedy of quo warranto if he sues under the federal Civil Rights Act is misconceived . . . . [T]here is no violation of due process, and hence no federal constitutional

---

[6] At the hearing on the pending motion, plaintiffs argued that the quo warranto procedure was not yet available to them because plaintiff Shakir Khan's position on the city council had not yet been filled. To reiterate, "[a] procedural due process violation under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Kildare*, 325 F.3d at 1085 (9th Cir. 2003) (citation and internal quotation marks omitted). Thus, regardless of whether his portrayal of California's quo warranto procedure is accurate, plaintiff Shakir Khan cannot demonstrate a procedural due process violation because California provides for an adequate post-deprivation process and remedy.

violation, if the postdeprivation remedies under state law themselves provide redress in a manner that satisfies due process."); *D'Agostino v. Delgadillo*, 111 F. App'x 885, 887 (9th Cir. 2004)[7] (affirming the district court's decision that the plaintiff did not state a procedural due process claim for an improper denial of an elected office, finding that California's quo warranto action satisfied due process).

With respect to plaintiffs as a class, plaintiffs allege in their complaint that voters in Lodi city council district 4 have been denied due process by not having their votes counted. (Doc. No. 1 at 8.) At the hearing on the pending motion, plaintiffs clarified that their allegation is actually that the voters of that district are being deprived of having the city council member they formerly elected represent them. In any event, the voter plaintiffs have not demonstrated a likelihood of success on the merits with respect to this aspect of their claim. When questioned as to their ability to show a likelihood of success on the merits of this claim at the hearing on the pending motion, plaintiffs identified only a case they cited in their motion, *Rossito-Canty v. Cuomo*, 86 F. Supp. 3d 175, 179 (E.D.N.Y. 2015), in which the district court recognized that "[t]he right to representation in government is the central pillar of democracy in this country." While this general proposition is certainly true, plaintiffs' citation to the decision in *Rossito-Canty* alone is insufficient to demonstrate their likelihood of success on the merits of plaintiffs' claim that voters' due process rights were denied under the circumstances alleged in this action. *See generally id.*

In sum, the court concludes that plaintiffs have failed to demonstrate that they are likely to succeed on the merits of their claims brought in this action or that they have even raised serious questions going to the merits of their claims. Because plaintiffs failed to make that required showing, their motion for a temporary restraining order must be denied.[8]

---

[7] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[8] Both parties raise several alternative arguments with respect to the pending motion. Because the court concludes that plaintiffs have failed to demonstrate that they are likely to succeed on the merits of their claims brought in this action or that they have raised serious questions going to the merits of their claims, the court need not address those other arguments.

**CONCLCUSION**

For the reasons explained above,

1. Plaintiffs' motion for a temporary restraining order (Doc. No. 3) is denied;

2. Defendants' request for judicial notice (Doc. No. 10-1) is denied as moot;

3. Defendants' evidentiary objections (Doc. No. 10-2) are overruled as moot; and

4. The parties are directed to meet and confer as to whether any further evidence or briefing need be presented or whether the court may adopt this order in ruling on the pending motion for a preliminary injunction. The parties shall file a joint response outlining their position(s) in this regard no later than April 7, 2023.

IT IS SO ORDERED.

Dated: **March 30, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE